CHRIS B. HANSON, Appellant, v. NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU, Respondent.

(218 N. W. 215.)

**Workmen's Compensation Act — appeal from decision of Workmen's Comp. Bureau must be taken within 30 days after decision.**

1. Under § 17 of the Workmen's Compensation Act, § 396a17 of the 1925 Supplement to the Compiled Laws of 1913, an appeal from a decision of the Workmen's Compensation Bureau must be taken within thirty days, and after this period has elapsed the decision, which has become final on account of no appeal having been taken, is not rendered reviewable by a subsequent denial of an application for another hearing upon an additional showing.

**Workmen's Compensation Act — continuing jurisdiction — duty to pass on additional proof.**

2. Section 18 of the Workmen's Compensation Act vests in the bureau a continuing jurisdiction where claims have been made within the time specified in § 15, and it is the duty of the bureau to consider and pass upon any additional proof that may be made in support of a claim so filed.

**Workmen's Compensation Act — claimant is entitled to judgment of Bureau rather than that of its employees.**

3. A claimant is entitled to the judgment of the Workmen's Compensation Bureau as to the effect of additional proof, rather than to the judgment of its employees.

**Workmen's Compensation Act — complaint, failing to show that Bureau itself passed on additional showing of injury, held demurrable.**

4. In the instant case it is held that the complaint and petition fails to show that the bureau itself had passed upon the additional proof submitted by the claimant.

Opinion filed March 5, 1928.

Workmen's Compensation Acts, C. J. § 115 p. 117 n. 58; § 123 p. 119 n. 6; p. 120 n. 15 New.

Appeal from the District Court of Cass County, *Cole,* J.

Affirmed.

*Lemke & Weaver,* for appellant.

"Where an employee is accidentally injured and such injury is latent and of a progressive nature, and subsequently culminates in a compensatory disability, a claim for such injury under our Employers' Liability Act may be filed with the compensation commissioner at any time within one year after the culmination thereof." Hastings v. Saunders, 208 N. W. 122.

"That a wider meaning is to be given to the term 'injury' than to 'accident' is further indicated by the fact that formerly the statute required actual knowledge of the 'accident and injury.'" Smith v. Industrial Acci. Commission, 174 Cal. 199, 162 Pac. 636.

"The procedure shall be flexible and adapted to the direct accomplishment of the act, with as little formality or hampering restriction as is consistent with the preservation of the real rights of the parties, and the doing of justice according to the terms of the act." Re Runnel (Mass.) 107 N. E. 934.

"The Industrial Commission has the right to retain jurisdiction of a proceeding to obtain compensation for further action and award, but such is its legal duty where the extent of the claimant's disability cannot be immediately ascertained." E. M. Ind. Co. v. Industrial Commission, 176 Pac. 314.

"It (the bureau) thus has a continuing obligation and a continuing duty after, as well as before, the award is made." Gotchy v. North Dakota Workmen's Comp. Bureau, 49 N. D. 915, 194 N. W. 663.

"The underlying purpose of the act is denominated to be protection of the injured workmen, their families and dependents, and the provision of sure and certain relief; to that end all jurisdiction of the courts over personal injuries sustained by employees, is abolished except as provided in the act." Ibid.

*Scott Cameron,* Special Assistant Attorney General, for respondent.

The rule is well settled in this state that if the decision of the lower court can be sustained on any ground it shall be sustained, regardless whether the reason assigned by the trial court is the correct reason or not. Davis v. Jacobson, 13 N. D. 430, 101 N. W. 314.

"From special proceedings of this character appeal will not lie, unless granted by the express terms of the statute or by necessary implication." Liimatainen v. State Industrial Acci. Commission (Or.) 246 Pac. 741.

PER CURIAM. Aside from formal allegations, the plaintiff's complaint and petition shows that on the 28th of September, 1920, and prior thereto, he was employed by the Northern States Power Company of Fargo as a motorman and as such was insured in the Workmen's Compensation Fund; that while on duty as a motorman and acting in the course of his employment a short circuit occurred in the electrical driving and controlling apparatus of a street car being operated by the plaintiff and that he sustained an injury due to the short circuit, which injury had ever since disabled him from performing any physical labor and had resulted in permanent disability; that on or about February 5, 1921, the plaintiff applied to the Workmen's Compensation Bureau for compensation; and that his claim therefor was dismissed. The order of dismissal, dated July 21, 1921, is stipulated as part of the record and is as follows: The bureau, "being fully advised in the premises, finds:

## I.

"That on September 28, 1920, the date on which claimant alleges he was injured, he was employed by the Northern States Power Company of Fargo, North Dakota, as a street-car motorman.

## II.

"That the claimant has not produced proof sufficient to establish that the disability complained of is due to an injury sustained in the course of his employment.

### "Conclusion.

"The Bureau therefore concludes and determines that this claim should be dismissed for the reason that it does not appear that the claimant has sustained an injury.

### "Order of dismissal.

"Now therefore, It is hereby ordered that the above entitled claim of Christ B. Hanson be, and the same hereby is dismissed without prejudice, for the foregoing reasons:

"And, It is hereby further ordered that one copy of this dismissal be served by mail upon the claimant, and that one copy be served by mail upon his employer, Northern States Power Company, Fargo, North Dakota."

It is alleged that the plaintiff was misled by the defendants and made to believe that his injury was merely temporary and that his physical condition was not due to the injury he had received in the course of his employment when in fact it was due to such injury; that he acted upon the assurance given him by the defendants and for that reason did not appeal from the decision denying his claim for compensation, but that his physical condition, instead of improving, had become constantly worse and finally when advised by physicians that his condition and injury were permanent, that he would get worse instead of better during the rest of his life, and that his condition was due to the injury he received during the course of his employment, he made application for review of his claim on February 17, 1925, which application was denied on February 19th, and that from such denial the plaintiff had appealed to the district court by notice dated March 11, 1925. The notice of appeal appraised the defendants that the appeal was from the whole order and final decision and "from the prior orders hereto entered denying and refusing to allow claim No. 2415 for compensation" and "from all of the proceedings had before the defendants and respondents in

connection with claim No. 2415." The alleged denial of the application for review is evidenced by two letters (attached to the complaint) written by the secretary of the bureau, dated February 19th and March 3, 1925, respectively. These letters merely state that there are no facts in the affidavits submitted which had not been previously acted upon; that the entire matter had been considered by the bureau several years before and, after careful investigation, acted upon, and that there was no further action to be taken upon the claim. There is a demurrer to the complaint upon the ground that it fails to state a cause of action for appeal to the district court. From an order sustaining the demurrer the plaintiff has appealed to this court. We are of the opinion that the demurrer was properly sustained.

Section 396a17 of the 1925 Supplement to the Compiled Laws of 1913 provides:

"The bureau shall have full power and authority to hear and determine all questions within its jurisdiction, and its decision thereon shall be final. Provided, however, in case the final action of such bureau denies the right of the claimant to participate at all in the workmen's compensation fund on the ground that the injury was self-inflicted, or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claimant's right, then the claimant, within thirty (30) days after the notice of the final action of such bureau may, by filing his appeal in the district court for the county wherein the injury was inflicted, be entitled to a trial in the ordinary way. In such a proceeding, the state's attorney of the county without additional compensation, shall represent the workmen's compensation bureau, and shall be notified by the clerk forthwith of the filing of such appeal."

It is further provided that upon the appeal the court shall determine the right of the claimant and, if determined in his favor, that it shall fix his compensation within the limits prescribed in the act. Section 396a18 provides that, if the original claim has been made within the time specified in § 15, the bureau "may, at any time, on its own motion or on application, review the award, and, in accordance with the facts found on such review, may end, diminish, or increase the compensation previously awarded, or, if compensation has been refused or discontinued, award compensation."

56 N. Dak.—34.

Where an appeal is sought from a decision of the Workmen's Compensation Bureau, it must be taken within the time limited in the statute. This period is thirty days. The original order of dismissal in this case was entered more than three years prior to the attempted appeal and, of course, it cannot be contended that it later became reviewable because of the failure of the bureau to act favorably upon the belated additional showing. This would destroy the limitation.

It does not follow, however, that the plaintiff is wholly without remedy. As was said by this court in the case of Crandall v. North Dakota Workmen's Comp. Bureau, 53 N. D. 636, 207 N. W. 551, "If it is true, as the plaintiff contends, that the bureau committed an error in its determination as to the extent of plaintiff's injury, the bureau has the unquestioned power to correct its error (§ 18, supra) as the claim in controversy here was indisputably filed within the time provided by law (Laws 1919, § 15, chap. 162). If the injuries sustained by the plaintiff were more serious than the compensation bureau believed them to be at the time of their determination it is not only within the power, but it is the duty of the bureau to take such action as will insure that the plaintiff receives such compensation as he is justly entitled to receive under the provisions of the act. But this power is vested in the Workmen's Compensation Bureau, and not in the courts; and the duty which arises from the power granted rests upon the bureau and must be performed by it." This is equivalent to saying that it is the duty of the board to exercise the continuing jurisdiction vested in it by § 18 of the Workmen's Compensation Act. It is the duty of the bureau to consider and pass upon any additional proof that may be submitted at a later time, and in a proper proceeding the bureau may be required to pass upon such proof. The letters of its secretary do not necessarily evidence the decisions of the board. For aught that appears they merely (particularly is this true of the last letter) express the opinion of the secretary that the additional proof would not alter the judgment of the bureau previously expressed. The claimant is entitled to the judgment of the bureau, rather than to the judgment of its secretaries, clerks or employees.

Another reason why we think the demurrer was properly sustained is that the complaint and petition, in our opinion, fails to show that the bureau itself actually passed upon the additional showing. It is

not to be inferred from this that an adverse decision upon the additional showing would be reviewable upon an appeal from such decision. See Crandall v. North Dakota Workmen's Comp. Bureau, supra; State ex rel. Craig v. North Dakota Workmen's Comp. Bureau, 53 N. D. 649, 207 N. W. 555. This question, in our opinion, is not presented upon the record and consequently is not decided.

The order appealed from is affirmed.

NUESSLE, Ch. J., and BIRDZELL, BURKE, BURR, and CHRISTIANSON, JJ., concur.