## CHRIS B. HANSON, Respondent, v. NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU, Appellant.

(233 N. W. 900.)

Opinion filed December 17, 1930.

*James Morris*, Attorney General, and *Thomas J. Burke*, Assistant Attorney General, for appellant.

*Lemke & Weaver,* for respondent.

PER CURIAM. In February, 1921, the plaintiff applied to the workmen's compensation bureau for compensation on account of an injury which he attributed to an accident occurring in the course of his employment as a street car motorman for the Northern States Power Company at Fargo. The bureau denied compensation and the claimant subsequently made application for a review of such action. Failing to obtain a review, he appealed to the district court where a demurrer was sustained to his complaint and petition. The order sustaining the demurrer was affirmed on appeal. Hanson v. North Dakota Workmen's Comp. Bureau, 56 N. D. 525, 218 N. W. 215. After the decision on appeal from the order sustaining the demurrer the claimant again applied to the bureau for a review of his claim. With

this application before it the board of compensation commissioners reconsidered the previous motion denying a review. It designated certain doctors before whom the claimant should appear for examination, agreeing to pay the expenses of such examination and making suggestions with reference to consultation, notes, findings, et cetera. After the testimony was taken it was considered by the commissioners and they again declined to make an award. The claimant then appealed to the district court and obtained a judgment in his favour, from which judgment the instant appeal is prosecuted.

Two main questions are presented for consideration. It is contended (1) that the district court had no jurisdiction to try and determine the matter before it because "the particular motion appealed from is not a final order of the bureau and therefore not an appealable order;" and (2) "that no right of appeal exists from an order made by the bureau under its continuing jurisdiction granted to it by § 18 of the compensation act."

Four members of the court are agreed that the action of the bureau on July 20, 1929, which was taken in the form of the passage of a motion declining to reopen the claimant's claim, did constitute "final action" within § 396a17 of the workmen's compensation law (1925 Supplement to the Compiled Laws of 1913), in view of the proceedings had by the bureau itself in the way of investigating the facts and determining the claim adversely to the claimant on the ground that he was not injured in the course of his employment. We believe this to be the substance of the findings of the bureau as evidenced by the record made. We do not hold that a motion or order of the bureau declining to reopen a case, once closed, is in itself an appealable order within § 396a17, but we do hold that a determination adverse to the claimant which evidences a final decision of the bureau not to make an award because the facts found by it do not bring the plaintiff's claim within the operation of the law, is appealable regardless of the form in which such action is expressed.

A majority of the members of the court, however, are unable to agree upon an interpretation of §§ 396a15, 396a17 and 396a18 of the workmen's compensation law, which will resolve the second question raised. Four members agree that the act must be so interpreted as to support the appeal in the instant case from the workmen's compensa-

tion bureau to the district court, two agreeing that action taken by the bureau under § 396a18, denying compensation on the grounds stated in § 396a17, is appealable within thirty days from the date of notice of such final action and two agreeing that the appeal to the district court in the instant case should be supported only because, in their view, there had been no final action of the bureau disposing of the claim prior to the action in July, 1929 (see the order of July 21, 1921, in Hanson v. Workmen's Comp. Bureau, 56 N. D. 525, 218 N. W. 215, supra); and that, hence, such action was appealable as original final action upon an original claim.

It follows from this that the second question raised by the appellant upon this appeal cannot be resolved by an opinion in which a majority of the court can concur. Since it would be impossible to do more than express individual opinions—opinions which in the nature of the case could not be considered in future cases as authoritatively determining any question of law, the members are not disposed to set forth their individual views.

The order of the court is that the judgment be affirmed.

BURKE, Ch. J., and BIRDZELL, CHRISTIANSON, and BURR, JJ., concur.

NUESSLE, J., dissents.