[File No. 6020.]

FRANK S. ETHEN, Respondent, v. NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU, Appellant.

(244 N. W. 32.)

Opinion filed July 28, 1932.

*Thomas J. Burke,* Assistant Attorney General, for appellant.

*Lemke & Weaver,* for respondent.

Nuessle, J. This is an appeal from an order of the District Court of Cass county overruling a demurrer to the plaintiff's complaint.

The complaint alleges that on August 10, 1929, the plaintiff was employed by the Meinecke & Johnson Company of Fargo; that the Meinecke & Johnson Company had complied with the requirements of the Workmen's Compensation Act and that the plaintiff was entitled to the benefits of that act; that on August 10th plaintiff was injured in the course of his employment and as a result of his injury suffered a permanent total disability; that on September 18, 1929, he filed his claim with the Compensation Bureau; that the bureau allowed the claim for temporary total disability and thereafter, pursuant to such order allowing the same, paid to the plaintiff compensation and his charges for hospital care, medical attention, and traveling expenses in the total sum of $1,036.87; that the last of the payments under this award was made on December 12, 1929; that the bureau has refused and denied and still refuses and denies to the plaintiff any further and additional compensation to which he would be entitled as for a total permanent disability; that thereafter he made formal application to the bureau to have his award reviewed and for an award for total permanent disability; that on April 17, 1931, the bureau entered its order denying plaintiff's application for a review.

To this complaint the defendant demurred on the grounds that the court had no jurisdiction of the subject matter of the action and that the complaint did not state facts sufficient to constitute a cause of action. This demurrer was overruled and thereupon the defendant perfected the instant appeal.

Section 17 of the compensation act, being section 396a17, 1925 Supplement, provides:

"The bureau shall have full power and authority to hear and determine all questions within its jurisdiction, and its decision thereon shall be final. Provided, however, in case the final action of such bureau denies the right of the claimant to participate at all in the workmen's compensation fund on the ground that the injury was self-inflicted, or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claimant's right, then the claimant, within thirty (30) days after the notice of the final action of such bureau may, by filing his appeal in the district court for the county wherein the injury was inflicted, be entitled to a trial in the ordinary way. In such a proceeding, the state's attorney of the county without additional compensation, shall represent the workmen's compensation bureau, and shall be notified by the clerk forthwith of the filing of such appeal.

"Within thirty (30) days after filing his appeal, the appellant shall file a petition in the ordinary form against such bureau as defendant, and further pleadings shall be had in said cause, according to the rules of civil procedure, and the court shall determine the right of the claimant; and if it determines the right in his favor, shall fix his compensation within the limits prescribed in this act; and any final judgment so obtained shall be paid by the workmen's compensation bureau out of the workmen's compensation fund in the same manner as awards are paid by such bureau.

"The cost of such proceeding, including a reasonable attorney's fee to the claimant's attorney to be fixed by the trial judge, shall be taxed against the unsuccessful party.

"Either party shall have the right to prosecute error as in the ordinary civil cases."

And § 18, being § 396a18, provides:

"If the original claim for compensation has been made within the time specified in section fifteen, the bureau may, at any time, on its own motion or on application, review the award, and, in accordance with the facts found on such review, may end, diminish, or increase the compensation previously awarded, or, if, compensation has been refused or discontinued, award compensation."

The principal question for determination on this appeal arises under these sections and involves their construction and application. In short, this question is as to whether a claimant, whose claim has been allowed under § 17 and who thereafter makes application under § 18 for a review of the award thus made, has the right of appeal from the action of the bureau in denying his application for a review.

Section 1 of the act (§ 396a1, Supplement), provides:

"The state of North Dakota, exercising herein its police and sovereign powers, hereby declares that the prosperity of the state depends in a large measure upon the well-being of its wage workers, and, therefore, for workmen injured in hazardous employments, and their families and dependents, sure and certain relief is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this act; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this act provided."

"The underlying purpose of the workmen's compensation act is denominated to be the protection of injured workmen, their families and dependents and the provision of sure and certain relief; to that end all jurisdiction of the courts over personal injuries sustained by employees is abolished except as provided in the act." Gotchy v. North Dakota Workmen's Comp. Bureau, 49 N. D. 915, 194 N. W. 663. While the underlying purpose is as thus expressed, the end at which the act ultimately aims is the lightening of the burden imposed upon society by reason of industrial accidents and disease. For use in attaining this end the act provides for the creation of a "Compensation Fund" made up of contributions from employers under the direction and supervision of the compensation bureau. 1925 Supplement, § 396a8. Employers making such contributions are not liable to respond in damages for injuries to their employees. Supplement, §§ 396a9, 396a10. These contributions are a direct charge on industry and must ultimately be paid by the public. Accordingly, there is a diverse interest in the fund and in its creation and administration. Employees and their dependents are interested as potential direct beneficiaries; employers are interested as direct contributors and creators thereby relieved from further financial responsibility; and the public is inter-

ested as an indirect beneficiary and ultimate contributor. The act recognizes these several and diverse interests in providing for the appointment of commissioners, members of the compensation bureau. One of these commissioners must be a representative of labor, one a representative of the public, and one a representative of the employers. The Compensation Bureau is charged with the duty and vested with the power to enforce the act. Supplement, and amendments, § 396a4. Consistent with the declared purpose of the act as set forth in § 1 thereof, supra. "To it (the compensation bureau), a large discretion is awarded. Its process and procedure is summary and simple: It is not bound by common law or statutory rules of evidence, nor generally by technical rules of procedure: It may make investigation in such manner as, in its own judgment, may be best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of the act." Gotchy v. North Dakota Workmen's Comp. Bureau, supra; State ex rel. Craig v. North Dakota Workmen's Comp. Bureau, 53 N. D. 649, 207 N. W. 555; § 396a4, paragraph E, and amendments. Likewise, § 17, supra, is consistent with the declared purpose of the act and is designed to effectuate it. Thus it is evident that the legislature intended to shear the courts, so far as it was possible to do so, of all power and jurisdiction over questions relating to the compensation of employees injured in the course of the employments covered by the act, and to confer this power and jurisdiction on representatives of those most peculiarly interested in and benefited by the act. In this connection, see State ex rel. Dushek v. Watland, 51 N. D. 710, 201 N. W. 680, 39 A.L.R. 1169.

This question is not new in this court. It was first raised in Crandall v. North Dakota Workmen's Comp. Bureau, 53 N. D. 636, 207 N. W. 551, and again in State ex rel. Craig v. North Dakota Workmen's Comp. Bureau, supra. The Crandall Case is on all fours with the instant case. After further consideration of the question we are confirmed in the opinion there expressed and can do no better than to quote therefrom.

"The legislature has declared in the most unmistakable terms that 'the bureau shall have full power and authority to hear and determine all questions within its jurisdiction and its decisions thereon shall be final.' § 17, supra. The extent of the injuries of a claimant, who is

found to be entitled to participate in the compensation fund, is obviously a question within the jurisdiction of the Compensation Bureau,—a question on which the statute says the decision of the bureau 'shall be final.' Gotchy v. North Dakota Workmen's Comp. Bureau, 49 N. D. 915, 194 N. W. 663, supra; Snyder v. State Liability Bd. 94 Ohio St. 342, 114 N. E. 268; Industrial Commission v. Hogle, 108 Ohio St. 363, 140 N. E. 612, supra.

"In the instant case, the compensation bureau did not find the claim of the plaintiff to be outside of its jurisdiction. There was no denial of 'the right of the claimant to participate at all' in the workmen's compensation fund 'on the ground that the injury was self-inflicted, or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claimant's right.' On the contrary, the bureau specifically found that at the time of the injury and prior thereto plaintiff's employer was a subscriber to the workmen's compensation fund; that plaintiff sustained certain injury in the course of his employment; and that said injury was not purposely self-inflicted. In this case, therefore, there was a finding by the Workmen's Compensation Bureau that the claim in controversy is one within its jurisdiction and that the claimant is entitled to participate in and receive compensation from the compensation fund for the specific injury for which he claimed compensation. But the Workmen's Compensation Bureau further found that the injuries sustained were of such slight character as to entitle the claimant to no compensation except the sum of $4.50 for medical expense. This is the finding which is said to be erroneous and which the plaintiff asked the workmen's compensation bureau to reopen and reinvestigate and consider anew. The bureau denied the application to reopen, but in no manner modified its former findings. The undisputed fact remains that there has been no finding by the bureau that it is without jurisdiction to act in the matter; there has been no final action of the bureau denying 'the right of the claimant to participate at all in the workmen's compensation fund on the ground that the injury was self-inflicted, or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of claimant's right.' In other words, there has been no denial of claimant's right 'to participate at

-all in the workmen's compensation fund' upon one or more of the jurisdictional grounds specified in the statute.

"If it is true, as the plaintiff contends, that the bureau committed an error in its determination as to the extent of plaintiff's injury, the bureau has the unquestioned power to correct its error (§ 18, supra) as the claim in controversy here was indisputably filed within the time provided by law (Laws 1919, § 15, chapter 162). If the injuries sustained by the plaintiff were more serious than the compensation bureau believed them to be at the time of their determination it is not only within the power, but it is the duty of the bureau to take such action as will insure that the plaintiff receives such compensation as he is justly entitled to receive under the provisions of the act. But this power is vested in the Workmen's Compensation Bureau, and not in the courts; and the duty which arises from the power granted rests upon the bureau and must be performed by it. The legislature has deliberately chosen to abolish all the ordinary judicial remedies formerly existing in cases like the one before us, and to substitute therefor a state insurance fund out of which to compensate employees, who, like the plaintiff in this case, have sustained certain injuries in the course of employment. The legislature has further vested the Workmen's Compensation Bureau with full power to hear and make final determination of all questions of fact relating to claims within its jurisdiction; and it has said that a claimant against the compensation fund shall have the right to appeal from and obtain a judicial review of the decisions of the Compensation Bureau only 'in case the final action of such bureau denies the right of the claimant to participate at all in the workmen's compensation fund on the ground that the injury was self-inflicted, or on the ground that the accident did not arise in the course of employment or upon any other ground going to the basis of the claimant's right.' Whether these legislative provisions are wise or unwise is not for us to determine. The provisions exist. Their validity is not questioned, and their meaning is, we think, too clear for doubt. It is the duty of the courts to give effect to the intention of the lawmakers as expressed in the law."

It is urged on this appeal that the rule of the Crandall Case, above cited, was abrogated by Hanson v. North Dakota Workmen's Comp. Bureau, 60 N. D. 220, 233 N. W. 900. There is, however, no ground

for this contention. In that case the members of the court were unable to agree upon an interpretation of the statute touching the question at issue in the instant case. With respect thereto the court (the writer of the opinion in the instant case dissenting) said:

"A majority of the members of the court, however, are unable to agree upon an interpretation of §§ 396a15, 396a17 and 396a18 of the workmen's compensation law, which will resolve the second question raised. Four members agree that the act must be so interpreted as to support the appeal in the instant case from the workmen's compensation bureau to the district court, two agreeing that action taken by the bureau under § 396a18, denying compensation on the grounds stated in § 396a17, is appealable within thirty days from the date of notice of such final action and two agreeing that the appeal to the district court in the instant case should be supported only because, in their view, there had been no final action of the bureau disposing of the claim prior to the action in July, 1929 (see the order of July 21, 1921, in Hanson v. North Dakota Workmen's Comp. Bureau, 56 N. D. 525, 218 N. W. 215, supra); and that, hence, such action was appealable as original final action upon an original claim." ؛

The plaintiff also urges that given the foregoing construction, §§ 17 and 18, supra, are unconstitutional, in that they violate §§ 22 and 85 of the constitution of North Dakota by denying to him the right to resort to the courts for judicial relief. The complaint in the instant case sets forth facts showing that the plaintiff received injuries in the course of his employment. It does not appear therefrom that these injuries were caused by or through the negligence of his employer. The plaintiff applied for, obtained, and accepted compensation from the defendant compensation bureau pursuant to the terms of the act which he now seeks to challenge as unconstitutional. He is attempting in the instant proceeding to assert a right to recover further compensation under the terms of that act. As we said in Crandall v. North Dakota Workmen's Comp. Bureau, 53 N. D. 636, 207 N. W. 551, supra: "Obviously, the plaintiff cannot assert a right to recover compensation based solely upon the statute, and at the same time to refuse to abide by, and deny the validity of, the provisions of the statute governing the award of such compensation. 12 C. J. 770 et seq. See also State ex rel. Brontrager v. Mundy, 53 N. D. 249, 205 N. W. 684."

The order appealed from is reversed and the proceeding is dismissed.

CHRISTIANSON, Ch. J., and BURR and BURKE, JJ., concur.

BIRDZELL, J. I concur in the result but not in all the reasoning in the opinion.