[File No. 6054.]

ELIAS LILLEFJELD, Appellant, v. NORTH DAKOTA WORK-
MEN'S COMPENSATION BUREAU and Commissioners, R.
E. Wenzel, Chairman, W. H. Stutsman, and W. C. Preckel, Re-
spondents.

(244 N. W. 36.)

Opinion filed July 28, 1932.

*L. J. Wehe,* for appellant.

*James Morris,* Attorney General, *Thos. J. Burke,* Assistant Attorney General, and *George S. Register,* State's Attorney, for respondents.

BURR, J. Plaintiff was injured while working for the Washburn Lignite Coal Company insured under the Workmen's Compensation Law. He applied to the bureau for compensation and was awarded $872.96, exclusive of medical and hospital bills—the payments continuing from February 8, 1930, to September 30, 1930. The bureau determined the disability was temporary and not permanent; that the amount allowed was all to which the applicant was entitled, on September 30, 1930, entered its finding to this effect, and closed the case.

May 15, 1931, the plaintiff applied to the bureau for a reconsideration of his claim. The bureau made a further examination, gave a hearing, and at said hearing again determined the injury was not permanent but merely temporary, that the plaintiff was fully compensated and denied any further payment.

The plaintiff commenced this action in the district court, set forth the facts of his injury, alleged that the same was caused by the negligence of the employer in failing to provide him "with a reasonably safe place in which to work," that the bureau allowed his claim but found the injuries were temporary, merely, and not permanent, that the bureau erred in not finding the injuries were permanent, set forth proceedings for review and the action of the bureau thereunder, alleged that were it not for the provisions of the Workmen's Compensation Act he would have a cause of action against his employer for negligence, and that this right is taken away by the provisions of the act unless he be permitted to appeal from the order of the bureau and litigate the question of the permanency of his injury.

The district court sustained a demurrer to the complaint on the ground the complaint "did not state facts sufficient to constitute a cause of action." From the order sustaining the demurrer the plaintiff appeals.

Section 17 of the Workmen's Compensation Act, being § 396a17 of the Supp. says "the bureau shall have full power and authority to hear and determine all questions within its jurisdiction, and its decision therein shall be final." Hence there is no appeal from any decision of the bureau on a matter within its jurisdiction. The same section provides that where the "final action of such bureau denies the right of the claimant to participate at all in the Workmen's Compensation fund on the ground that the injury was self-inflicted, or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claimant's right" the claimant may appeal to the district court and is "entitled to a trial in the ordinary way."

The complaint shows the bureau did not deny the right of the claimant to participate in the fund. On the contrary it acknowledged his right. By so doing it found the injury was not self-inflicted, that it was received in the course of his employment, and he was entitled to

compensation. But the bureau also determined, from the evidence it received and from the investigation made, that the injury was not permanent but merely temporary. In other words the bureau determined the nature and extent of his injury. This was such a matter wholly within its jurisdiction as it had the right to determine and therefore, according to the statute cited, its decision thereof is final.

Appellant says however that § 18 of the Act, being § 396a18 of the Supp., authorizes the bureau "at any time, on its own motion or on application, (to) review the award, and in accordance with the facts found on such review, (it) may end, diminish, or increase the compensation previously awarded, or, if compensation has been refused or discontinued, award compensation." Plaintiff says further: this is a final order denying him a right to participate in the fund—one which goes to the question of jurisdiction—and so an appeal lies; citing Hanson v. North Dakota Workmen's Comp. Bureau, 56 N. D. 525, 218 N. W. 215, and Hanson v. North Dakota Workmen's Comp. Bureau, 60 N. D. 220, 233 N. W. 900, as authority to the effect that he is entitled to an appeal from an order made under the provisions of § 18 of the Act.

The cases cited do not sustain plaintiff's contention. In Crandall v. North Dakota Workmen's Comp. Bureau, 53 N. D. 636, 207 N. W. 551, we held it to be the duty of the bureau to take such action at any time as will insure the plaintiff receiving the compensation he is entitled to, but that "this power is vested in the Workmen's Compensation Bureau and not in the courts." In the Hanson Cases we show the bureau has a continuing jurisdiction over all such applications that it is "the duty of the bureau to consider and pass upon any additional proof that may be submitted at a later time, and in a proper proceeding the bureau may be required to pass upon such proof." (56 N. D. 530, 218 N. W. 217.) The Hanson Case found in 60 N. D. 220, 233 N. W. 900, cited by plaintiff does not reverse the Crandall Case, as claimed by the plaintiff. This court held in this Hanson Case that under the facts of the case the "final action" of the bureau was had at the time it reheard the case. In other words, we held that the action of the bureau was not a "review" of the case but was the culmination of the original proceedings.

There is no appeal from orders specified in § 18 of the act (§ 396a18 of the Supp.) unless the provisions of § 17 are applicable.

Plaintiff says the act contemplates the right of appeal from whatever may be "the final action of such bureau" taken pursuant to § 18; but he is not in position here to raise such question. If the first application had been denied on jurisdictional grounds, so that this so-called application for a re-hearing was a new and distinct proceeding, then the plaintiff might be in position to raise the question of whether the provision of § 17 gives an appeal from such an order denying his right to participate. It is the uniform holding of this court that where an application is once entertained and accepted by the bureau it has a continuing jurisdiction over that case, despite past action, or decision, or the lapse of time. Its jurisdiction attaches when the application is made. Subsequent hearings are merely in furtherance of its work. This being so its action in denying further compensation, even though instigated because of the application for re-hearing, is simply part of its work. It does not need the stimulus of an application to allow further compensation. The application does not add to or affect its jurisdiction in this case.

The bureau determined plaintiff had a right to participate and allowed him compensation. The dispute is as to the extent of his injuries, and the amount of compensation to which he is entitled. While plaintiff says the award was inadequate he bases this upon the nature of the injuries. He does not contend that if the injuries were merely temporary the award made was not in accordance with the statute. It is his claim that the injuries were permanent and therefore a different rate should have been allowed. The compensation allowed is not inadequate if the injuries are merely temporary, hence the case of Hunter v. Colfax Consol. Coal Co. 175 Iowa, 245, 154 N. W. 1037, 157 N. W. 145, L.R.A.1917D, 15, Ann. Cas. 1917E, 803, 11 N. C. C. A. 886, cited by plaintiff does not apply for that case distinctly shows that "the power to pass upon pure questions of fact" may be taken away and yet this does not eliminate from the courts "power to review." Power to review the action of the bureau is still vested in this court for certain purposes—purposes dealing with jurisdiction—and we need not inquire here as to the right to review if the amount allowed is concededly less than the amount specified by statute for the case stipu-

lated. If the bureau found the injury was permanent it must, of course, make allowance as prescribed by statute. When the injury is temporary it exercises the discretion vested in it by statute, within the limits laid down by the statute. The determination of whether the injury is temporary or permanent is purely a matter of fact and wholly within the jurisdiction of the bureau. There is no appeal from its decision thereon.

The plaintiff says if this be the meaning and intent of the statute then it is unconstitutional as depriving him of his rights. He is not in position to raise the question of the constitutionality of the statute after applying to the bureau for compensation thereunder, according to the terms of the statute, and receiving it. The case of Ethen v. North Dakota Workmen's Comp. Bureau, post, 394, 243 N. W. 32, just decided, is determinative of such issues.

But the plaintiff says this case differs from the Ethen case in such an essential matter that the decision therein is not controlling here. He says that under the facts in this case his employer was negligent and therefore, under pre-existing laws, he had a right to an action against his employer; that this had been taken away from him and he is therefore being denied his rights. But his rights are broadened rather than taken away. Now he has a right to compensation not only in a case of negligence on the part of his employer but in a case where his employer is not negligent. Under the provisions of § 1 of the Act, being § 396a1 of the Supp., the claimant is entitled to compensation "regardless of questions of fault." It is true his right to sue the employer and receive compensation is taken away, but his right to compensation from the bureau thereof is substituted in lieu thereof. It is immaterial to him whether he gets the compensation to which he is entitled from his employer or from one substituted for the employer; whether it comes through the verdict of a jury or through the decision of the bureau. In both cases the presumption is he gets that to which he is entitled—no more and no less—and the relief granted herein is "sure and certain," as stated in § 1 of the act. In actions against his employer he would not recover for an injury unless his employer was negligent; but from the bureau he gets compensation for his injury even if he himself were negligent and the employer not negligent—provid-

ing the employer be insured. Negligence of the employer or lack of negligence has no effect.

The case narrows itself to a dispute between the claimant and the bureau as to the extent of his injuries. In such matter there is no appeal from the decision of the bureau. The order of the district court is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE and BURKE, JJ., concur.

BIRDZELL, J. I concur in the result but not in all the reasoning in the opinion.