INTERNATIONAL PRINTING PRESSMEN
AND ASSISTANTS UNION OF NORTH
AMERICA and Conrad Publishing Company, a Corporation, Plaintiffs and Respondents,

v.

Ben MEIER, as Secretary of State, and
Ralph Dewing, as Director of the State
Department of Accounts and Purchases,
Defendants and Appellants,

and

Bismarck Typographical Union No. 140,
Bismarck, North Dakota, Intervenor.

No. 8009.

Supreme Court of North Dakota.

May 4, 1962.

Leslie R. Burgum, Atty. Gen., Paul M.
Sand, Asst. Atty. Gen., and Alfred A.
Thompson, Bismarck, for defendants and
appellants.

Cox, Pearce, Engebretson, Murray, Atkinson & Gunness, Bismarck, for plaintiffs and respondents.

Van Arkel & Kaiser, Washington, D. C.,
amicus curiae.

STRUTZ, Judge.

This is an action brought for a declaratory judgment. The plaintiff Conrad Publishing Company is a printing company located in Bismarck, North Dakota. The plaintiff International Printing Pressmen and Assistants Union of North America is a printers trade union, having its own union label which it has authorized the plaintiff Conrad Publishing Company to use on its printing. It appears from the record that the Conrad Publishing Company has among its employees not only members of the International Printing Pressmen and Assistants Union but also hires members of two other printers unions, to wit, the International Typographical Union and the Bookbinders Union. It is not authorized however, to use the International Typographical Union's label on its printing.

In 1960, the Conrad company was a successful bidder for the job of printing certain classes of State printing, including the State Publicity Pamphlet. As such successful bidder, the company entered into a written contract with the State of North Dakota for the printing of the 1962 publicity pamphlet. At the time Conrad submitted its bid for such printing and executed such contract with the State, it employed members of each of the three above-named printers unions and was authorized to use a label on its printing which is commonly known as the "Allied Label." The record discloses that the use of the Allied label was authorized in those jurisdictions where there are two or more member unions of the Allied Printing Trades in existence. In Bismarck, at the time of such contract, the three printers trade unions mentioned above formed the Allied Printing Trades Council. In other words, the Allied label is a label which includes several trade unions, each of which may or may not have its own label.

After the contract for such printing of the publicity pamphlet had been awarded to Conrad and the contract executed, the right to use the Allied label was withdrawn from the company. The record is silent as to the cause of such withdrawal. The defendant Ben Meier, as Secretary of State, thereupon notified Conrad that he would not accept the publicity pamphlet unless its printing bore the union label of the Bismarck Branch of the International Typographical Union, as required by law.

The statute referred to by the Secretary of State was enacted in 1919, and now appears as Section 46–02–02 of the North Dakota Century Code. It provides that all printing of a certain class, for which the State of North Dakota is chargeable,

"* * * shall have the label of the branch of the International Typographical Union of the city in which the printing is done. * * *"

The record discloses that, although at least two of the member unions which formerly comprised the Allied Printing Trades Council in Bismarck have a label of their own, including the International Typographical Union, the Allied label for years has been used as the label of the International Typographical Union in this State. Its use has been authorized, as the International Typographical Union label, by that union. The right to use that label now having been withdrawn from Conrad, it is conceded that Conrad cannot comply with the provisions of the law requiring the printing in question to be delivered to the Secretary of State bearing the label of the International Typographical Union.

On this record, the plaintiffs asked the trial court to issue a declaratory judgment construing the provisions of Section 46–02–02, contending that this section is unconstitutional and invalid for the reason, among others, that it violates Section 20 of the North Dakota Constitution which prohibits the granting of special privileges to any citizen or class which are not granted to all. The trial court held the law to be unconstitutional, and, from the judgment entered in favor of the plain-

tiffs, the defendants have taken this appeal demanding a trial de novo on all of the issues.

■ Every legislative enactment is presumed to be constitutional and will be upheld unless it is manifestly in violation of the State or Federal Constitutions. O'Laughlin v. Carlson, 30 N.D. 213, 152 N.W. 675.

The right of the plaintiffs to question the constitutionality of this law is challenged by the defendants, who point out that the plaintiff Conrad Publishing Company submitted its bid on specifications requiring that the printing bear the label of the branch of the International Typographical Union of the city in which the printing was to be done. It is the claim of the defendants that, having accepted benefits under the law, the plaintiff Conrad cannot now attack its constitutionality. Several decisions of this court are cited in support of this contention.

■ Generally speaking, a party who takes advantage of the provisions of a law cannot question its constitutionality. Cofman v. Ousterhous, 40 N.D. 390, 168 N.W. 826, 18 A.L.R. 219; Ethen v. North Dakota Workmen's Compensation Bureau, 62 N.D. 394, 244 N.W. 32.

■ Whether this rule would bar the plaintiff Conrad in this case need not be decided here, for there is a second plaintiff in this action. And, even though the plaintiff Conrad should be barred from raising the question of constitutionality of this statute, such bar would not apply to the second plaintiff in the action and this rule could not be urged against such second plaintiff.

■ Considering the constitutionality of the law, on the record before us, was the trial court right in holding the law invalid on the ground that it is discriminatory, in that it attempts to limit the awarding of certain public contracts to those who

have the right to use the label of the International Typographical Union?

So far as we are able to determine, the weight of authority holds invalid any ordinance or statute which attempts to limit the granting of public contracts to those who are privileged to use a certain or a particular union label. In fact many courts have held that statutes requiring the use of union labor on public contracts are discriminatory and unconstitutional. 43 Am.Jur. 864–866. Thus the requirement of a statute that use of a union label is necessary on public printing would, by these courts, be considered discriminatory and unconstitutional.

The question before us, however, is much more limited. Here we are not concerned with a law which requires union labor or the use of a union label, but we are considering the validity of a statute which requires the use of one particular union label, that of the International Typographical Union, to the detriment of all other union labels. Thus the argument advanced by the appellants—that the requirement of a union label guarantees superior work— is irrelevant because the Conrad company does have a union label; it merely does not have the right to use the particular label which is required by our law.

■ If this law, which attempts to limit the awarding of public contracts to those who are privileged to use a certain union label, should be declared valid, on the ground that any printer may qualify merely by meeting certain conditions required to obtain the right to use that label, it would be just as reasonable to suggest a law which would limit the awarding of such contracts to persons belonging to some particular political party, because presumably any man could join that party by meeting certain conditions. Clearly, such a law would be discriminatory and unconstitutional. We hold that Section 46–02–02 is invalid and unconstitutional since it is discriminatory and grants spe-

cial privileges to printers having the right to use the label of the International Typographical Union and it discriminates against all printers who may have the right to use other labels, or who may have no union label at all.

Since we have determined that the statute in question is invalid on the ground that it discriminates against all printers who do not have the right to use the particular label named in the law, it will not be necessary to consider the numerous other reasons urged for determining the statute to be invalid.

The judgment of the district court is affirmed.

SATHRE, C. J., and MORRIS, BURKE and TEIGEN, JJ., concur.