CITY OF FARGO, North Dakota, a Municipal Corporation, Plaintiff and Appellant,

v.

ANNEXATION REVIEW COMMISSION OF CASS COUNTY, North Dakota, et al., Defendants and Respondents.

No. 8084.

Supreme Court of North Dakota.

Aug. 29, 1963.

Rehearing Denied Sept. 19, 1963.

Conmy, Conmy & Feste, Fargo, for plaintiff and appellant.

Mart R. Vogel, Fargo, for Fred M. Hector, Margaret Hector Harrington, Dorothy Hector Rowland, Mary Hector Smith, and Caroline H. Dady, defendants and respondents.

C. J. Serkland, Fargo, for Laurence Yunker, Catherine Yunker and Fargo Township, defendants and respondents.

J. E. Hendrickson and Jacque Stockman, Fargo, for Reed Township, defendant and respondent.

Herman F. Wegner, Fargo, for Star-Lite Theatres, Inc., defendant and respondent.

STRUTZ, Judge.

The City of Fargo attempted to annex certain properties lying adjacent to and northwest of Fargo. The governing body of the city adopted a resolution including such territories within the city limits, and thereafter published the resolution, as required by statute. Various owners of property included in such attempted annexation appealed to the annexation review commission from the action of the City, as permitted under Section 40–51–10 of the North Dakota Century Code. After a hearing, the review commission decided that the greater portion of the properties so attempted to be annexed was used exclusively for farming and pasturage purposes and, under North Dakota Law, could not be annexed. The City then applied to the district court for a writ of certiorari, contending:

1. That the annexation review commission had, by its action, exceeded its jurisdiction; and

2. That, if the action of the annexation review commission was within its jurisdiction, the statute providing for such an appeal to the annexation review commission nevertheless is unconstitutional.

The record discloses that the property which the City attempted to annex consists of a total of 1,310.455 acres. Of this total acreage, the City concedes that 265.823 acres are used exclusively for farming and pasturage purposes. However, the City contends that, of the balance of the property included in such attempted annexation, 462.20 acres of a 640-acre tract owned by the State of North Dakota and occupied by the North Dakota State University of Agriculture and Applied Science, and devoted to the raising of crops and hay and to poultry farming, granaries, pasture, and orchards, actually were being used for educational purposes since such land was used in connection with the farming and agricultural courses being taught at the State University. The annexation review commission held, contrary to the contention of the City, that such property was used exclusively for farming and pasturage purposes.

From the holding of the annexation review commission, the City applied to the district court of Cass County for a writ of certiorari on grounds indicated above, contending that there was no legal evidence to support the finding of the commission. In support of such contention, the City sought to have the court review all of the evidence taken before the review commission. The property owners contended, however, that the sole question for the district court to determine on the City's application for a writ of certiorari was whether the review commission had exceeded its jurisdiction and whether the commission had regularly pursued the authority given to it by statute.

Our statute on certiorari provides:

"Except as otherwise provided by law, the review upon a writ of certiorari cannot be extended further than to determine whether the inferior court, tribunal, board, or officer has pursued regularly the authority of such court, tribunal, board, or officer." Sec. 32–33–09, N.D.C.C.

The record in this case discloses that the City appeared before the annexation review commission without any objection to the time or the method of appeal to the review commission, and that the City made no objection to the jurisdiction of the commission, submitting testimony and briefs.

Chapter 40–51 of the North Dakota Century Code provides for the inclusion of territory in municipalities and for the exclusion of territory therefrom. Section 40–51–10 provides that any person feeling aggrieved by the action of the governing body of a city in extending the limits of a city in accordance with the provisions of that chapter may appeal therefrom by filing, within ten days from the date thereof, with the county judge of the county in which the city is located, a notice of appeal, stating the grounds upon which such appeal is taken. A copy of the notice of appeal shall be served upon the proper executive officer of the city.

Section 40–51–11 provides that the county judge, as chairman of the annexation review commission, shall designate a time and place at which the commission shall meet to consider the appeal and that, at such time and place, the commission shall hear evidence for or against such annexation and shall render its decision accordingly. This procedure was followed in this case without any objection by the City.

Counsel for the City contends that, because the review commission designated its decision as "Conclusions of Law," the question which was answered by the commission's decision became a judicial question and subject to review by the court on certiorari. In other words, the City contends that the determination of the use made of the 462.20 acres occupied by the State University—whether the land was used exclusively for farming and pasturage purposes or for educational purposes—being designated by the review commission as "Conclusions of Law," presents a judicial question which can be reviewed on certiorari. Section 40–51–11 of the North Dakota Century Code provides that the review commission shall "hear the evidence for or against such annexation and render its decision." Under this statute, the commission has the authority to make a decision. We do not believe that the mere fact that such decision is designated as "Conclusions of Law" would give to the reviewing court any greater power than it would have if such decision had been designated merely as "Decision of the Commission."

The first question for us to determine is whether the district court, on certiorari, had the power to pass on the evidence and to determine whether such evidence sustains the decision of the review commission.

Section 32–33–01 of the North Dakota Century Code provides that a writ of certiorari shall be granted:

"* * * when an officer, board, tribunal, or inferior court has exceeded the jurisdiction of such officer, board tribunal, or inferior court, as the case may be, and there is no appeal, nor, in the judgment of the court, any other plain, speedy, and adequate remedy, and also when, in the judgment of the court, it is deemed necessary to prevent miscarriage of justice."

There is very little dispute in this case as to the facts. It is conceded that, of the land owned by the State and occupied by the North Dakota State University of Agriculture and Applied Science, 462.20 acres are devoted to ordinary farm uses such as raising of crops and hay, poultry farming, granaries, pasture, and orchards. It is also conceded that the operations conducted on this land are used, observed, and perhaps, to some extent, are participated in

by students as part of their courses in agriculture at the State University. It is appellant's contention that the fact that students observe, or participate in, the farming operations conducted on this land, and derive educational benefits from such observation and participation, removes this land, as a matter of law, from the classification of "land used exclusively for agricultural purposes." It is claimed that, since the land is used in part for educational purposes, it is not used exclusively for agricultural purposes.

The respondents, on the other hand, contend that the court's review on certiorari cannot be extended further than to determine whether the annexation review commission has regularly pursued its statutory authority, and that the sufficiency or insufficiency of the evidence presented to such commission cannot be reviewed on such writ. Sec. 32–33–09, N.D.C.C.

■ This court has held many times that the review upon a writ of certiorari cannot be extended further than to determine whether the inferior court, tribunal, or board has regularly pursued the authority given to it by statute. State ex rel. Olson v. Welford, 65 N.D. 522, 260 N.W. 593; Posin v. State Board of Higher Education (N.D.), 86 N.W.2d 31; Common School District No. 126 of Cass County v. City of Fargo, 78 N.D. 583, 51 N.W.2d 364; State ex rel. Dreyer v. Brekke, 75 N.D. 468, 28 N.W.2d 598.

■ Regardless of the limits of our authority to review actions of an inferior court, board or tribunal, we see no merit in the City's contention that, since the land attempted to be annexed is used by the State University in connection with its educational program, such land is not used exclusively for agricultural purposes. Observation of the use to which the land is devoted, or even participation in the use, does not change the fundamental nature of that use. If there were merit in the City's contention, it would be almost impossible to have any land used exclusively for agricul-

tural purposes, for all intelligent farmers and members of their families are constantly being educated by observing the results of their agricultural use of land. A farmer whose operation is a model in the community would not be engaged exclusively in agriculture because his neighbors are learning from his farming activities.

The City next contends that the statute providing for a hearing and decision by the annexation review commission is unconstitutional because it is an unlawful delegation of judicial power; that the Legislative Assembly cannot delegate judicial powers, but that they are retained by and remain in the courts which are provided for by our Constitution.

■ Every legislative enactment is presumed to be constitutional and will be upheld unless it is manifestly in violation of either the State or the Federal Constitution. O'Laughlin v. Carlson, 30 N.D. 213, 152 N.W. 675; International Printing Pressmen and Assistants Union v. Meier (N.D.), 115 N.W.2d 18.

■ In construing a statute to determine its constitutionality, every reasonable presumption in favor of the validity of such statute will be adopted. Stark v. City of Jamestown, 76 N.D. 422, 37 N.W.2d 516.

This court heretofore has considered the constitutionality of Chapter 68, Session Laws of 1915, which chapter provides for inclusion of territory within city limits of a municipality, and that portion of the law which provides that, if the greater portion of the territory proposed to be annexed consists of lands used exclusively for farming and pasturage purposes, such lands shall not be annexed. This chapter of the 1915 Session Laws now is a part of Chapter 40–51 of the North Dakota Century Code.

In the case of Waslien v. City of Hillsboro, 48 N.D. 1113, 188 N.W. 738, the City of Hillsboro attempted to annex certain adjacent territory under the provisions of this law, which attempt was protested by the owners of properties to be annexed.

Such owners attacked the constitutionality of the Act authorizing the annexation on the ground that the Act delegated legislative powers unlawfully. In upholding the validity of the law, this court held that there was no unlawful delegation of legislative powers. The question of unlawful delegation of judicial powers was not raised in that case.

Here, the appellant, City of Fargo, submitted to the hearing before the annexation review commission. It cross-examined the witnesses for the protesting landowners, and called witnesses of its own to give testimony as to the use of such land. At no time did the City question the authority of the review commission to hear and determine the question of the use which was being made of the land in question, which land the City is attempting to annex. Had the review commission determined this question of use in favor of the City, no question of the authority of the commission would have been raised by the City. After the commission rendered an adverse decision, the City cannot, for the first time, question the constitutionality of the Act under which the commission was acting. In other words, a party who has submitted to the jurisdiction of the commission, seeking to obtain a decision in his own favor, cannot, after an adverse decision, question the right of the commission to render such decision on the ground that the Act authorizing the hearing before the commission is unconstitutional because of an alleged unlawful delegation of judicial authority. This court has repeatedly held that a party who seeks to enjoy benefits under a law cannot thereafter, in the same proceeding, question the constitutionality of the Act. Ethen v. North Dakota Workmen's Compensation Bureau, 62 N.D. 394, 244 N.W. 32; Cofman v. Ousterhous, 40 N.D. 390, 168 N.W. 826, 18 A.L.R. 219.

Judgment of the district court is affirmed.

MORRIS, C. J., and TEIGEN, BURKE and ERICKSTAD, JJ., concur.