(No. 13699.—Reversed and remanded.)

THE DECATUR CONSTRUCTION COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(WILLIAM E. WILHITE, Defendant in Error.)

*Opinion filed February 15, 1921.*

1. WORKMEN'S COMPENSATION—*when suit by certiorari in circuit court must begin.* The Compensation act provides that suit by writ of *certiorari* in the circuit court shall be commenced within twenty days of the receipt of notice of the decision of the Industrial Commission and not from the time when the decision is made or filed.

2. SAME—*Compensation act should be construed to give justice to both employer and employee.* The remedial nature of the Compensation act and its beneficent purpose should be given due weight in its construction, but its purpose can only be realized by even-handed justice to both employer and employee, so the latter shall receive what he is entitled to and the former shall pay no more.

3. SAME—*commission's finding must be based upon substantial evidence.* A finding of the Industrial Commission as to the extent of an injury cannot be based on mere conjecture but must have some substantial foundation in the evidence.

4. SAME—*claimant's opinion as to per cent of loss of use of injured member is not competent evidence.* In making an award for permanent partial disability it is for the Industrial Commission to determine the per cent of loss of use of the injured member, but the opinion of the claimant as to the per cent of loss of the use of such member is not competent evidence. (*Hafer Washed Coal Co.* v. *Industrial Com.* 293 Ill. 425, followed.)

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding.

GALLAGHER, KOHLSAAT & RINAKER, for plaintiff in error.

HENSON & HELMICK, for defendant in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

On January 16, 1919, William E. Wilhite was employed as foreman by the Decatur Construction Company in the construction of a runway at a grain elevator at Prairie Hall, in Macon county. About fifty or sixty feet from the elevator there was a small office building used by the construction company for the storage of tools and for the men to change their clothes and eat their noonday meals. In the morning of that day Wilhite and his helper went to the office to get their tools and put on their overalls preparatory to going to work. The helper secured his tools and left the office but Wilhite remained to start a fire in the stove, so that the men would have a warm place to eat their dinner. He started the fire with the aid of a can of gasoline, which exploded and set fire to his clothing, so that he was burned about the hands and legs. He was taken to a hospital at Decatur, where he remained for nine weeks and three days, and he made application to the Industrial Commission for compensation for his injuries. There was a hearing before an arbitrator, where the contest related to the extent of the injuries and the amount of compensation to which Wilhite was entitled. The arbitrator awarded $5.14 for one week and $12 per week for nine weeks for temporary total incapacity, and the further sum of $12 per week for 131 weeks and $3 for one week for the reason that the injuries sustained caused a permanent loss of fifty per cent of the use of the left leg and a like permanent

loss of fifty per cent of the use of the right leg. A petition for a review of the award was filed and a hearing was had before the Industrial Commission, where it was stipulated that since the transcript of the testimony taken before the arbitrator could not be obtained, the application should be tried *de novo* upon evidence produced before the commission. On the hearing an award was made of $12 a week for a period of forty-six and two-sevenths weeks for temporary total disability, $12 per week for sixty-one and one-fourth weeks on account of thirty-five per cent of permanent loss of the use of the left leg, and $12 per week for a period of seventeen and one-half weeks for ten per cent loss of the use of the right leg. A writ of *certiorari* was sued out of the circuit court of Macon county, and the court quashed the writ and confirmed the decision of the Industrial Commission. This court awarded a writ of error for a review of the record.

William E. Wilhite objected in this court to the jurisdiction of the circuit court on the ground that the decision of the Industrial Commission was made and filed on January 15, 1920, and the writ of *certiorari* was sued out of the circuit court on February 9, 1920, more than twenty days after the decision of the Industrial Commission. The objection, if well grounded, could not be entertained because it was not made in the circuit court, but Wilhite appeared there and moved to quash the writ of *certiorari* on other grounds and joined issue on the merits. The objection, however, was evidently based on a misapprehension of the statute, which provides that a suit by writ of *certiorari* shall be commenced within twenty days of the receipt of notice of the decision of the commission and not from the time when it was made or filed.

On the hearing before the commission Wilhite testified that his left leg hurt him; that he could straighten it out pretty good by taking time, and when he was exercising it he could straighten it out; that if he stood in one position

any length of time he felt pain when he moved the leg; that it felt as if the leaders under the left knee would break; that his right leg troubled him to some extent, and the leaders also; that it was stiff above his shoe top, where the burn was, and his knee was also stiff. He was asked what per cent he had lost of the use of his left leg, and an objection to the question was overruled and he answered, "I claim fifty per cent loss of my left leg and I think I fully lost that much of it." A similar question was asked as to the use of the right leg, and the answer under objection was, "Twenty-five per cent." The doctor who attended Wilhite at the hospital and had entire charge of his case testified that he had burns on both legs and his hands were burned; that the burns on the hands were first degree burns and those on the leg were right close to second degree; that the muscles of the legs were not affected by the burns, which were not deep enough to have them affected; that there was some slight degree of permanent disability from the scar formation, but it was negligible; that the injury to the right leg was practically negligible except for discomfort, and there was no permanent disability so far as the action of that leg was concerned; that on the left leg there was a slight contraction of the knee action,—very slight,—and the disability would be between five and fifteen per cent on account of the scar tissue; that none of the tendons above the knee were destroyed or hurt by the burns on the left leg. The award of the arbitrator was in excess of any testimony at the hearing before the commission, and the commission did not accept the opinion either of Wilhite or the doctor but made an award between the two.

The remedial nature of the Workmen's Compensation act and its beneficent purpose should be given due weight in its construction, but its purpose can only be realized by even-handed justice to both employer and employed, so that one shall receive that to which he is entitled and the other shall pay no more. The question here is only as to the

amount of compensation to which Wilhite is entitled, and the court must determine whether there is sufficient competent evidence in the record to sustain the award. A finding of the commission cannot be based on mere conjecture but must have some substantial foundation in the evidence, and the commission is not justified in finding for one party because there is some evidence which, standing undisputed, would justify the award. (*Hafer Washed Coal Co.* v. *Industrial Com.* 293 Ill. 425.) In that case, as in this, the claimant was permitted to express an opinion as to the per cent of loss he suffered on account of his injuries and it was held error to permit him to express such an opinion. It was for the commission to determine the per cent of loss as an ultimate fact and to hear all the evidence which would aid it in the conclusion, and, eliminating the opinion of Wilhite as incompetent, it is quite evident that the finding as to the percentage of loss in the use of the legs, and that such loss would be permanent, was not sustained by competent evidence. Undoubtedly, the commission by seeing the legs of Wilhite could discern a narrow strip of scar on the right leg and a scar practically covering the inside of the left leg, but certainly could not determine from appearances that there was a degree of permanent disability for which the award was made. To the end that justice may be done there should be a further opportunity for a hearing on the question of the extent of loss of the use of Wilhite's legs, if he should desire such a hearing.

The judgment of the circuit court is reversed and the cause is remanded to that court, with leave to the defendant in error, Wilhite, to have the case again referred to the Industrial Commission, if he shall be so advised, or otherwise to enter judgment reversing the decision of the Industrial Commission.

*Reversed and remanded, with directions.*