(No. 14227.—Reversed and remanded.)

SWIFT & Co., Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(HENRY SPRINGER, Defendant in Error.)

*Opinion filed February 22, 1922.*

1. WORKMEN'S COMPENSATION—*the burden of proof is on the claimant.* It is incumbent upon the claimant to prove the accident and its cause, and an award cannot rest upon speculation, conjecture or surmise.

2. SAME—*finding of Industrial Commission must have substantial foundation in the evidence.* The finding of the Industrial Commission cannot be based on mere conjecture but must have some substantial foundation in the evidence, and the commission ought not to make an award because there is some evidence which, if undisputed, would sustain it.

3. SAME—*when an award for permanent partial disability will stand though claimant is able to earn more money in another occupation.* If an award for permanent partial loss of the use of a hand under schedule 17 of paragraph (*e*) of section 8 of the Compensation act is proper it will not be set aside because the claimant,

in some occupation where he is not required to make much use of his hand, is able to earn more money than he earned before he was injured, as provided for in paragraph (*d*) of said section, as the measure of damages is the arbitrary amount as fixed by statute.

4. SAME—*when award for permanent partial incapacity is not justified.* If the evidence in a proceeding for compensation shows that the injury to claimant's hand will be effectually and permanently cured in time by proper use or by a minor surgical operation, the Industrial Commission is not justified in making an award for permanent partial loss of the use of the hand.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

C. E. POPE, and H. F. DRIEMEYER, for plaintiff in error.

WILLIAM E. HADLEY, and BORDERS & BORDERS, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

It is agreed by the parties that Henry Springer, the claimant, was an employee of plaintiff in error, Swift & Co., at East St. Louis, on October 21, 1918, and on that date received an injury which arose out of and in the course of the employment, of which plaintiff in error had notice, and that demand for compensation was made within the time required by law, and that the employer and employee were both under the Workmen's Compensation act. The claimant is a single man, having no children under the age of sixteen years, and his average wage for the year preceding his injury was $1248, or $24 a week. After a hearing the arbitrator found that the claimant had been furnished by plaintiff in error first aid, medical, surgical and hospital services, and that he was entitled to receive from the company $12 per week for three weeks, that being the period of temporary total incapacity for work, and the further sum of $12 per week for a period of fifty weeks, as provided by paragraph (*e*) of section 8 of the Workmen's Compen-

sation act as amended, as the injuries sustained caused a permanent partial loss of thirty-three and one-third per cent of the use of the left hand. · Thereafter, on review before the Industrial Commission, the award of the arbitrator was confirmed, and on review in the circuit court of St. Clair county that finding was also affirmed by that court, and this writ of error has been sued out to review the record.

Springer had been working for Swift & Co. for about three weeks when he was injured by a steam hammer descending against a piece of iron which he held in his left hand, which knocked the iron in such manner as to cut or tear his palm. He testified that immediately he had the hand dressed by Dr. Shannon, who had just come to the State and had not yet received his Illinois license but was acting under the company's surgeon at its plant and appears to have received his license later. After this treatment by Shannon claimant attempted to continue work, but stated he had no grip in the hand and the injury hurt him so that he reported at the office and went home, staying at home for a few days but going to the Swift plant for several treatments by Shannon. Claimant testified that three or four days later he was taken sick with the "flu" and called in his regular family physician, Dr. Culbertson, to treat him for that trouble, and also showed him the hand, which was swollen and contained pus, and that the hand was treated by Dr. Culbertson; that he was then confined to his bed about three weeks, during which time his hand was swollen and pained him badly; that the doctor put some salve on the hand and made seven or eight calls; that the doctor then told him that some of the bones of the hand had been fractured; that he went back to work about three weeks after the injury and worked on a bolt hammer four or five days, during which time his hand bothered him and he could not lift any weight or grip anything tightly; that he had to quit on account of the pain, which was also sufficient to cause him to lose sleep. The evidence· tends to

show that there was some talk between claimant and his
foreman as to the kind of work he should do after the in-
jury, and he was given at first a different kind of work,
but he asked to go back to the kind of work he was engaged
in before the injury but the foreman told him he had all
the men needed for that work; that he then quit work with
Swift & Co. and took a temporary position as organizer for
the Brotherhood of Trainmen and later obtained a position
as guard at the Joliet prison, for which he received $80 a
month and board, which would be considered more than he
received from plaintiff in error at the time of the injury.
Claimant testified that he had temporarily tried blacksmith
work since his employment at the Joliet prison and found
that when he worked a little his left hand would get numb
and have no feeling; that the pain in the hand was ac-
centuated by cold weather.  He testified that he had sus-
tained from the injury from seventy to seventy-five per cent
loss of the use of the left hand, although there was only
a slight scar now showing on the hand.

Dr. Culbertson, the claimant's family physician, testified
that he examined the claimant shortly after the injury and
found the hand swollen,—possibly as large again as nor-
mal,—and extensive bruising of the palmar surface; that
the injury was not so much a cut as a tear over the tendons
of the second and third fingers and from a half to three-
quarters of an inch long; that it was not deep but the tis-
sues were quite bruised and there was some pus for a few
days; that he thought there was a fracture of the second
metacarpal bone but was not positive, but there was an
enlargement of the bone; that he treated claimant for two
or three weeks, attempting to prevent stiffening of the hand;
that there was quite an extensive stiffening, which gradu-
ally improved, and he considered there was about fifty per
cent of disability in the left hand for an occupation such
as blacksmith and about twenty-five per cent for all occu-
pations requiring the use of that hand; that it was difficult

to say if the injury would be permanent; that in his judgment the hand would get a good deal better, and the extent and rapidity of the recovery would depend largely upon the use claimant gave it and might require several years; that witness was not sure whether there had been a fracture of the bones; that he could find no evidence of fracture at the time he testified; that the motion of the hand was limited some, but there was nothing to show on the surface of the skin that claimant was injured.

A physician in the employ of plaintiff in error, Dr. Wiggins, testified that he examined claimant's hand about seven months after the injury and found a small scar; that he complained of a tender spot when he pressed upon it, but that he found the claimant could flex his fingers upon the palm of the hand and there was no agglutination of the tendons; that he complained of pain in the back of his hand, but witness could find no evidence of injury there, no evidence of a fractured bone, no callous, and nothing to indicate loss of use of any portion of the hand, and in his opinion there was one hundred per cent efficiency of that hand.

Dr. Winning, a surgeon in the permanent employ of the plaintiff in error, testified that he examined claimant about six months after the injury and concluded the disability was not enough to keep the claimant from working, if he wished; that there was no evidence of a fractured bone, no callous, no agglutination of the tendons, and only a slight scar left.

The medical director for the Industrial Commission, who examined the claimant by agreement of both parties, at the suggestion of the commission caused to be made an X-ray examination of the hand. He found no deformity in the bones of the wrist and no fracture, and gave it as his opinion that while there was a tender spot in the claimant's left thumb, which in his judgment was due to the catching of a filament of the sensory nerve in the scar, that

condition could be relieved by making an incision in the scar and releasing the filament of nerve, and there would be no permanent disability of the hand remaining.

It is manifest from the evidence in the record that there is no certain testimony found upon which the Industrial Commission could properly find that there was a permanent partial loss, to an appreciable extent, of the use of the left hand. The two doctors who testified for plaintiff in error, as well as the claimant's own physician and the physician in the employ of the Industrial Commission, all supported the conclusion that there was no permanent partial loss of the use of the hand, and the testimony of the claimant himself would not justify the conclusion that there was such a loss of use. At the most the testimony would only justify the finding that at the time of the hearing there was a partial loss of use of the left hand. This court has always held that it is incumbent upon the claimant to prove the accident and its cause and that an award cannot rest upon speculation, conjecture or surmise. (*St. Louis Smelting Co.* v. *Industrial Com.* 298 Ill. 272, and authorities there cited.) It has also been held by this court that the finding of the commission cannot be based on mere conjecture but must have some substantial foundation in the evidence, and the commission is not justified in finding for one party because there is some evidence which, standing undisputed, would justify the award. *Decatur Construction Co.* v. *Industrial Com.* 296 Ill. 290.

The arbitrator's finding was of a permanent partial loss of the use of the hand, and the basis of the award was schedule 17 of paragraph (*e*) of section 8,—that is, fifty percentum of the average weekly wage during that portion of the number of weeks in the schedule for the loss of the hand (fifty percentum of the average weekly wage for 150 weeks equaling $1800) which the partial loss bears to the total loss, or one-third of $1800, equaling $600, which, plus the amount allowed for temporary total incapacity for

three weeks at $12 a week, less the amount of $8 paid him, or $28 due, makes the amount of $628 found by the arbitrator.   If this were a proper finding, the fact that claimant, in some occupation where he was not required to make much use of his hand, may have earned more money than he formerly earned as a blacksmith would not be a sufficient reason for denying compensation under the act above mentioned for permanent partial loss.   The measure of damages is the arbitrary amount as fixed by the provision above referred to, and consequently in such a case *Voight v. Industrial Com.* 297 Ill. 109, would not apply but would apply where the finding was for partial incapacity from pursuing usual work, which provision provides for basing the compensation receivable upon the percentage of the average amount earned before the accident and the average amount the claimant is earning or able to earn in some suitable employment after the accident.   That provision is paragraph (*d*) of section 8 and is independent of paragraph (*e*) of section 8.

As we have held that the arbitrator's finding was not justified it is unnecessary to further discuss the measure of damages for permanent partial loss.

It would appear from the evidence in this case that the injury to claimant could be effectually and permanently cured in time by use, if not by a slight operation at the point of the injury, and this court has held in construing the statute several times, that whether an injured employee should submit to an operation is a question for the Industrial Commission, and that an employee should not be given an award for a permanent injury if he refuses to submit to a surgical operation which the evidence shows would in all probability be successful and not dangerous. (*Rosenthal & Co.* v. *Industrial Com.* 295 Ill. 182; *Mt. Olive Coal Co.* v. *Industrial Com.* 295 id. 429.)   In our judgment the same line of reasoning should apply to this injury, and before deciding the injury permanent the Industrial Commission

might well require the claimant to submit to a surgical operation which would not be dangerous and which would offer a fair chance for a complete cure of the hand. This court has held frequently that if there is any legal evidence to support the finding the court must accept it. *Vulcan Detinning Co.* v. *Industrial Com.* 295 Ill. 141.

In view of our holding in the cases already cited we do not think the competent legal evidence in this record justified the finding of the Industrial Commission as to the permanent one-third loss of the use of the left hand.

The judgment of the circuit court is reversed and the cause remanded to that court, with directions to set aside the order of the Industrial Commission, and for such further proceedings as may be provided by statute.

*Reversed and remanded, with directions.*