[Civ. No. 7462. Second Appellate District, Division Two.—October 17, 1930.]

HARRY DANZIGER, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA AND SOUTHERN CALIFORNIA TELEPHONE COMPANY (a Corporation), Respondents.

J. E. McAndrew for Petitioner.

Edward O. Allen for Respondents.

CRAIG, J.—The petitioner was injured in the course of employment. Upon application to the Industrial Accident Commission for adjustment of his claim, stating that he had asked for an operation and for a truss to relieve a hernia, it was found and awarded that he be compensated by a surgical operation with necessary incidental medical and hospital treatment and a weekly allowance for temporary disability. The applicant having refused surgical treatment when tendered, a petition to terminate liability was filed, which, following a hearing and repeated refusals to submit thereto, was granted. Upon a petition for a writ of *certiorari* it is asserted that the Commission acted in excess of its authority in terminating liability, that such order

was unreasonable, and that the evidence does not justify findings of fact requiring or warranting the same.

Section 11 (e) of the Workmen's Compensation, Insurance and Safety Act provides as follows:

"No compensation shall be payable in case of the death or disability of an employee if his death is caused, or if and so far as his disability is caused, continued, or aggravated, by an *unreasonable refusal* to submit to medical treatment, or to any surgical treatment, the risk of which is, in the opinion of the Commission, based upon expert medical or surgical advice, inconsiderable in view of the seriousness of the injury."

■ The Commission is vested with full power and authority to regulate and prescribe the nature and extent of proofs and evidence. (Sec. 57 [6].) It may find therefrom upon ultimate facts, and its findings and conclusions in that respect shall be conclusive and final, subject to review in proper proceedings. (Secs. 19, 67 [c].) ■ And its findings shall not be disturbed when there exists any substantial evidence to support them. (*State Comp. Ins. Fund* v. *Industrial Acc. Com.*, 195 Cal. 174 [231 Pac. 996]; *Smith* v. *Industrial Acc. Com.*, 26 Cal. App. 560 [147 Pac. 600].)

■ Upon his application reciting that he had requested from his employer a surgical operation and truss which had been refused, the petitioner was accorded a hearing, the treatment was ordered, and for a period of three years the employer tendered and held itself ready, able and willing to comply with the award. He was then notified that unless he responded to such offer the employer would seek proper relief. Upon a petition to terminate liability, a hearing was again held, expert and other evidence was received, and petitioner at that time declined to submit to the prescribed treatment. A physician consulted by petitioner certified that he "would not consider him a very good risk for any major surgery at the present time"; a clinical abstract from an eastern hospital where he had been treated some twenty-four years previously indicated the existence of chronic diffused nephritis, and a chemical analysis furnished by a local druggist revealed a "slight trace of albumen", and a condition which "may not be serious now, but a delay may make it so", shortly before the hearing. A doctor designated by respondents, following an examination, certified petitioner to

be "a well developed and nourished man", suffering from a left inguinal hernia "easily reducible", and reported that he found the albumen and sugar tests both negative. Another physician who reviewed the medical reports stated that he found no good reason "so far as his physical condition is concerned, why he should not submit to operation, and I believe his refusal is unreasonable". There was medical evidence before the Commission that he "should have a surgical repair", and that the "outlook for complete recovery is good". The petitioner testified that he would not submit to an operation after receipt of the druggist's report mentioned. Upon the foregoing evidence the Commission found as a fact that the applicant had unreasonably refused to accept the awarded treatment, and entered its order accordingly.

Many authorities are cited from other jurisdictions which we think cast little if any light upon the issue here presented. Under the statutory and judicial authority mentioned above, it is not for this court to say as a matter of law upon conflicting evidence, and as against the conclusion of the Commission upon competent medical and surgical testimony, that such conclusion was unreasonable. Nor can it be said upon the record presented that the Commission acted in excess of its authority, or that there was not substantial evidence tending to support the finding. It is true that the act has been consistently construed as one requiring interpretation in favor of the employee. ■ However, that an order of the Commission is "unreasonable" is nowhere in the statute specified as a ground for nullification of its action. ■ It must be assumed that the intent of the legislature was that the applicant should exercise within a reasonable time and with reasonable diligence a tendered right to medical or surgical treatment, in the interest of his own well being. A further reason for this is that the employer might be advised as to whether existing compensation and the proffered treatment were to be accepted or rejected. That the question as to what constitutes reasonable diligence is a question of fact requires no citation of authority. As a proposition of general law, it has been affirmed in innumerable cases that a person's responsibility for his conduct will depend on whether the injurious consequences thereof might have been or ought to have been foreseen and pre-

vented by him; and there seems to be every reason for the belief that, in cases arising under the workmen's compensation acts, this constitutes the true test, not only as to whether responsibility does or does not exist in the particular case, but also as to the extent to which the actor is to be deemed responsible for the consequences of his conduct. (28 R. C. L., sec. 101, p. 814.) In logical concord with these principles, the Supreme Court of Kansas, following a review of numerous authorities of all the states where the subject has been discussed, concluded:

"The reasonableness of the refusal of an injured employee to submit to an operation has been considered in most, if not all, the cases where he has been denied compensation on account of such refusal. The reasonableness has been disposed of in those cases as a question of fact. It is a question of fact that must be determined by the trier of facts and when he has determined it, and his conclusion is supported by evidence, that conclusion is binding on this court the same as the determination of any other question of fact. (*Strong* v. *Sonken-Galamba Iron & Metal Co.*, 109 Kan. 117 [18 A. L. R. 415, 198 Pac. 182].)"

The order terminating liability is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 15, 1930.