[File No. 6078.]

## L. L. DAHL, Respondent, v. NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU, Appellant.

(248 N. W. 273.)

Opinion filed April 22, 1933.

*Thos. J. Burke,* Assistant Attorney General, for appellant.

*Sullivan, Hanley & Sullivan,* for respondent.

BURKE, J. This is a mandamus proceeding to compel the payment of a judgment obtained by the plaintiff against the Workmen's Compensation Bureau. The facts are stipulated and it appears therefrom

that on the 19th day of May, 1926, the plaintiff, who was insured under the Workmen's Compensation Act, was injured in the course of his employment. He filed a claim with the Bureau, which was dismissed, and on appeal to the district court he obtained a judgment. The Workmen's Compensation Bureau, on the 12th day of April, 1929, made an award in accordance with the provisions of said judgment and authorized the payment as it became due bi-weekly, at the rate of $40. Thereafter, at the expense of the Bureau, the plaintiff was, with his consent, operated on at the Quain and Ramstad Clinic and was cured of his disability. On the 23rd day of September, 1929, Drs. LaRose, Ramstad and Pierce again examined the plaintiff and reported that the operation was successful and the plaintiff was no longer suffering from a partial permanent disability. On October 28, 1929, the Bureau entered its order vacating its award of April 12, 1929 and refused to pay further weekly payments.

Appellant contends that, under section 396A18, it has a continuing jurisdiction and may end, diminish, or increase the compensation previously awarded, or if compensation has been refused or discontinued, award compensation.

We are of the opinion that the appellant is right in its contention. The intent of the law is to insure to workmen sure and certain relief when injured in the course of employment and for resulting disability while the disability lasts. If the disability is removed, as in the instant case, the weekly payments should cease, for it is not the intent of the law to pay well men out of the fund created to take care of injured workmen while they are under disability. It is conceded that the operation was successful and that the claimant was no longer under disability when the Bureau ceased to make the weekly payments.

The judgment of the court, in the instant case, does not take from the Bureau its continuing jurisdiction over the plaintiff and the award made by the court. When the judgment is entered and acted on by the Bureau it becomes the award of the Bureau, the same as any other award. It is administered by the Bureau and it has exclusive jurisdiction over it. Under the continuing jurisdiction it may review the award at any time and may end, diminish, or increase the compensation previously awarded. It is the intent of the law that the Bureau should end the award, in case the claimant gets well, or the Bureau

may diminish it in case the claimant is getting better, or may increase it if he gets worse.

In the case of Gotchy v. North Dakota Workmen's Comp. Bureau, 49 N. D. 915, 194 N. W. 663, the question arose on a judgment in the district court allowing a lump-sum to the claimant. This court said: "The duty is imposed upon the bureau to collect, administer, and disburse the 'fund.' To it, a large discretion is awarded. Its process and procedure is summary and simple: It is not bound by common law or statutory rules of evidence, nor generally by technical rules of procedure; it may make investigation in such manner as, in its own judgment, may be best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of the act. Section 3, E. It thus has a continuing obligation and a continuing duty, after, as well as before, an award is made. This is properly so, in view of the conditional factors involved in an award. If the judgment of the court upon the amount of an award is the final and ultimate judgment, then, whenever an appeal is taken, this continuing duty and obligation of the bureau, concerning that claim and the award thereupon, is to that extent, abrogated. If the award in such case by the court is a lump sum, then the express power of the discretion to so do is transferred from the bureau to the court, and the discretion of the bureau, as well as its continuing obligation and duty is thereafter abrogated. If every judgment of the court upon the amount of an award is thus final and ultimate, the court must reserve unto itself, a portion of the discretion and power granted to the bureau for the determination of the conditional factors, as they come into existence, and of increasing or decreasing the award, or, must deny and abrogate this discretion intended by the act to be exercised by the bureau. To make such constructions and interpretations of the Act would not be consonant with the underlying purposes of the act, and the continuing obligations, duties, powers and discretions conferred, and intended to be conferred, upon the bureau."

In this decision judgment and award are used interchangeably and it is held that the court cannot make an award or enter a judgment for a lump-sum; that the bureau alone can make an award in a lump-sum; that the court has no continuing jurisdiction over the administration of the fund; that belongs to the bureau.

Section 396A18 reads as follows: "If the original claim for com-

pensation has been made within the time specified in § fifteen, the bureau may, at any time, on its own motion or on application, review the award, and, in accordance with the facts found on such review, may end, diminish, or increase the compensation previously awarded, or, if compensation has been refused or discontinued, award compensation." This section gives the bureau broad powers in disbursing the fund to injured workmen, providing them with medical and surgical treatment so that they may recover and the compensation cease.

Under its continuing jurisdiction the bureau provided for medical and surgical aid, in the instant case, which resulted in a permanent cure. The law does not contemplate two classes of compensation for injured workmen. Had the compensation bureau allowed the claim in the first instance there would be absolutely no question about its right to modify its award and the proceedings in court for the purpose of determining whether the claimant was entitled to an award, does not deprive the bureau of its continuing jurisdiction over the award when it is made pursuant to a judgment of the court. It is the duty also of the workman, who is receiving compensation, to submit to medical treatment and operation when necessary, when an operation is not dangerous and there is a fair chance of recovery.

In the case of Mahoney v. Gamble-Desmond Co. 90 Conn. 255, 96 Atl. at page 1026, L.R.A.1916E, 110, 13 N. C. C. A. 315, the Connecticut court said: "In such cases the rule laid down in England and recently in Massachusetts (Floccher's Case, 221 Mass. 54, 108 N. E. 1032) seems to be that unless the claimant by reason of some idiosyncracy will be subjected to unusual risk and danger thereby, it is his duty to submit to a surgical operation if it fairly and reasonably appears that the result of such operation will be a real and substantial physical gain."

In the case of Danziger v. Industrial Acci. Commission, 109 Cal. App. 71, 292 Pac. 525, the California court held that the claimant's unreasonable refusal to submit to surgical treatment for hernia under award held supported by the evidence to terminate liability. To the same effect is Swift & Co. v. Industrial Commission, 302 Ill. 38, 134 N. E. 9; Pocahontas Min. Co. v. Industrial Commission, 301 Ill. 462, 134 N. E. 160; see also L.R.A.1917D, 186, note.

In the instant case it was stipulated that respondent received no

compensation from the date of the injury until he entered the hospital for an operation and it appears from the record that during all of the time respondent was in the hospital and thereafter, as long as the disability continued, he was paid by the Bureau twenty dollars per week in accordance with the judgment, but was not paid compensation from the time of the injury up to the time he entered the hospital. The respondent was entitled to compensation in this case during the entire period of his disability and as that is all the court allowed him, the judgment must be and is affirmed.

NUESSLE, Ch. J., and BIRDZELL, BURR and CHRISTIANSON, JJ., concur.