Luverne C. KNUTSON, Respondent,

v.

NORTH DAKOTA WORKMEN'S COMPEN-
SATION BUREAU, Appellant.

No. 8039.

Supreme Court of North Dakota.

March 28, 1963.

Leslie R. Burgum, Atty. Gen., and Myron E. Bothun, Asst. Atty. Gen., Bismarck, for appellant.

Day, Stokes, Vaaler & Gillig, Grand Forks, for respondent.

TEIGEN, Judge.

This litigation arises out of an injury sustained on September 15, 1959, by Luverne C. Knutson, claimant and respondent, while employed by Otto Eickhof & Sons, Inc., general construction contractors. The employer was covered by the workmen's compensation fund. The injury occurred when the claimant, in the course of his employment, fell 20 to 25 feet to the ground from the deck on an overpass being constructed across Interstate Highway No. 94 at a point about three miles west from West Fargo, North Dakota. The claimant sustained multiple lacerations and bruises about the head, left shoulder and right hip. He also dislocated his right third finger. On September 18, 1959, he filed a claim with the Workmen's Compensation Bureau (hereinafter referred to as the Bureau) for an award on account of the injuries. The claim was accepted and the claimant was paid for temporary total disability to the eve of January 10, 1961, a period of 69 weeks and one day, plus dependency allowance for three children, in the amount of $3,330.28. In addition thereto, the Bureau paid medical, hospital and miscellaneous expenses in the amount of $1,383.59. Later, supplementary awards were made for additional medical and travel. On February 6, 1961, the Bureau made a supplemental award to the claimant for 20% permanent partial disability due to "loss of use of arm, at shoulder, left," for a period of 50 weeks, commencing on the morning of January 11, 1961, to the eve of December 26, 1961,

with compensation payable at the rate of $31.50 per week, for a total sum of $1,575 to be paid at the rate of $126 every four weeks pursuant to Sections 65–05–13 and 65–05–14, N.D.C.C.

The plaintiff, feeling aggrieved, appealed to the district court from the Bureau's order for supplemental award dated February 6, 1961. The case was tried to the court on December 21, 1961, in the County of Grand Forks. No memorandum opinion was written but on February 26, 1962, the district court entered its findings of fact, conclusions of law and order for judgment. Judgment was entered providing the claimant was entitled to an award of $31.50 per week for a period of 300 weeks commencing January 11, 1961. It based its award on Section 65–05–12, N.D.C.C., and the finding that the claimant had sustained 60% permanent partial disability.

From the judgment an appeal was taken to this court by the Bureau and a trial de novo is demanded.

The appellant argues three errors:

"I. That the District Court erred in receiving original testimony and evidence on behalf of the respondent in that the Court lacked original jurisdiction under Sections 65–10–01 and 28–32–19 of the North Dakota Century Code.

"II. That on the evidence, the District Court erred in allowing the respondent to participate in the North Dakota Workmen's Compensation Fund to a degree greater than that allowed by Section 65–05–13 of the North Dakota Century Code.

"III. That it was error as a matter of law, for the District Court to determine the compensation benefits under Section 65–05–12 of the North Dakota Century Code in that such determination was contrary to the intent of Section 65–05–14 of the North Dakota Century Code."

By stipulation of the parties, the Bureau certified to the district court an abstract of the record contained in the Bureau's file agreed to be pertinent to the appeal. In addition, and over the objection of the Bureau, the district court took additional evidence in the form of testimony.

The main issue in this case is whether additional evidence may be received by the district court on appeal from a decision of the Bureau under Section 65–10–01, N.D.C.C. The salient part of that statute reads as follows:

"Such appeal shall be taken in the manner provided in chapter 28–32 of the title Judicial Procedure, Civil."

The Workmen's Compensation Bureau is an administrative agency of the State, Chapter 65–02, N.D.C.C., and is maintained for the administration of the statutes on workmen's compensation. It has exclusive and primary jurisdiction over injuries resulting from hazardous employment and all jurisdiction of the courts of the State over such causes are abolished except as is otherwise provided in the law. Section 65–01–01, N.D.C.C. It has full power and authority to hear and determine all questions within its jurisdiction and its decision shall be final and entitled to the same faith and credit as a judgment of the court of record, except a claimant may appeal therefrom to the district court. Section 65–05–03, N.D.C.C.; Gotchy v. North Dakota Workmen's Compensation Bureau, 49 N.D. 915, 194 N.W. 663; and State v. Broadway Investment Co. (N.D.), 85 N.W.2d 251. An appeal from a decision of the Bureau to the district court "shall be taken in the manner provided in chapter 28–32 of the title Judicial Procedure, Civil." Section 65–10–01, supra, Chapter 28–32 of the title "Judicial Procedure, Civil," is the Administrative Agencies Practice Act and Section 28–32–17 thereof provides that when an appeal is taken, the administrative agency

"shall prepare and file in the office of the clerk of the district court in which

the appeal is pending the original or a certified copy of the entire proceedings before the agency, or such abstract of the record as may be agreed upon and stipulated by the parties, including the pleadings, notices, transcripts of all testimony taken, exhibits, reports of memoranda, exceptions or objections, briefs, findings of fact, proposed findings of fact submitted to the agency, and the decision of the administrative agency in such proceeding."

Section 28-32-19, N.D.C.C., provides:

"The court shall try and hear an appeal from the determination of an administrative agency without a jury and the evidence considered by the court shall be confined to the record filed with the court. * * *"

■ Thus it is clear that an appeal to the district court from a decision of the Bureau is restricted to the record which was made and certified by the Bureau and it was improper for the district court to receive new evidence which had not been presented to the Bureau.

The subject matter of this controversy is not one within the original jurisdiction of the district court. In such proceedings it exercises appellate jurisdiction conferred upon it by statute as allowed by the Constitution. Section 103, North Dakota Constitution. The district court has only appellate jurisdiction in workmen's compensation cases. Schmidt v. North Dakota Workmen's Compensation Bureau, 73 N.D. 245, 13 N.W.2d 610.

The abstract of the record certified to the district court by the Bureau establishes that the claimant was a carpenter and that he has suffered 20% permanent partial disability due to the loss of use of his left arm at the shoulder, but it does not reveal that the claimant was left-handed. This evidence was adduced for the first time in the testimony taken before the court. Section 65-05-13, N.D.C.C., under which the Bureau had allowed the award, pro-

vides that 25% additional shall be allowed as compensation for the loss of use of a master member of a claimant. This was not allowed nor is there any indication in the abstract of the Bureau's record before the court that this fact was disclosed to the Bureau. Further, the district court in its judgment made allowance to the claimant under Section 65-05-12, N.D. C.C., which provides compensation for permanent partial disability of the person. The district court found that the claimant was 60% permanently disabled and could no longer follow his trade of carpentry. This finding was based on the record certified by the Bureau and the additional evidence taken before the district court. There is no competent evidence to warrant such a finding in the abstract of the Bureau's records. The Bureau had made its award under Sections 65-05-13 and 65-05-14 for permanent partial loss of the use of a member of the claimant's body; whereas, the district court allowed permanent partial disability of the person under Section 65-05-12, N.D.C.C. We do not pass on the sufficiency of the additional record made before the court on this question.

When application for leave to adduce additional evidence is made to the court, and the court is satisfied that such additional evidence is material and that there was reasonable ground for failure to have adduced it in a hearing or proceeding before the administrative agency, the court is empowered by Section 28-32-18, N.D.C.C., to order such additional evidence to be taken, heard and considered by the Bureau on such terms and conditions as the court deems proper. After considering such additional evidence, the Bureau may amend or modify its findings of fact, conclusions of law, and decision, and it shall file with the court a transcript of such additional evidence, together with its new or modified findings of fact, conclusions of law and decision, if any.

If the claimant is unable to establish to the satisfaction of the court that such additional evidence is material and/or that there

was reasonable ground for the failure to have adduced it in a hearing or proceeding before the administrative agency, the court will refuse to order the additional evidence to be taken. However, the claimant still has recourse because the Bureau has continuing control thereover when it has taken jurisdiction and it may at any time, on its own motion or on application, review the award and, in accordance with the facts found on such review, it may end, diminish, or increase the compensation previously awarded or, if compensation has been refused or discontinued, it may award compensation. Section 65-05-04, N.D.C.C.; Lillefjeld v. North Dakota Workmen's Compensation Bureau, 62 N.D. 388, 244 N.W. 36; and Dahl v. North Dakota Workmen's Compensation Bureau, 63 N.D. 327, 248 N.W. 273. It is the duty of the Bureau to consider and pass upon any additional proof that may be made in support of a properly filed claim. Hanson v. North Dakota Workmen's Compensation Bureau, 56 N.D. 525, 218 N.W. 215.

The court in this case did not take cognizance of the provisions of the law allowing the claimant to adduce additional evidence. The Bureau had no opportunity to pass on such additional evidence. It was error for the court to receive the evidence adduced before it and we must reverse the judgment of the district court and remand the case for further proceedings in conformity with this opinion.

Judgment reversed.

MORRIS, C. J., and TEIGEN, STRUTZ and BURKE, JJ., concur.

ERICKSTAD, J., not being a member of the Court at the time of submission of this case, did not participate.